**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
                                                   :
**BRIAN NOVAK,**                                   :
                                                   :
            **Plaintiff,**                         :
                                                   :
      **v.**                                       :
                                                   :
**MICHAEL J. ASTRUE, Commissioner**                :
**of Social Security,**                            :
                                                   :
            **Defendant.**                         :
-------------------------------------------------------X

<u>**OPINION AND ORDER**</u>

**07 Civ. 8435 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.     INTRODUCTION

Brian Novak brings this action, pursuant to the Social Security Act (the "Act"),[1] seeking judicial review of a final decision by the Commissioner of Social Security (the "Commissioner") denying his claim for disability insurance benefits. Both parties have moved for judgment on the pleadings. For the reasons set forth below, the Commissioner's motion is granted and Novak's motion is denied.

## II.    BACKGROUND

### A.     Procedural Background

Novak's initial application to the Social Security Administration

---

[1]     *See* 42 U.S.C. § 405(g).

{Case 1:07-cv-08435-SAS    Document 10    Filed 07/25/2008    Page 2 of 17}

("SSA") for disability insurance benefits ("DIB") was denied on May 23, 2005.[2]

The application alleged that Novak has been disabled since October 18, 2004, due

to nerve damage in his lower back, groin, and left leg.[3]  He reapplied on March 13,

2006, based on new evidence and was denied again on April 21, 2006.[4]  Novak

requested a hearing before an Administrative Law Judge ("A.L.J."), and appeared

before A.L.J. Katherine Edgell on June 19, 2007.[5]  Novak, represented by counsel,

testified at the hearing.[6]  On July 19, 2007, the A.L.J. issued a decision finding

that Novak has the residual functional capacity ("RFC") to do sedentary work and

"has not been under a disability, as defined in the Social Security act [sic], from

October 18, 2004 through [July 19, 2007]."[7]  The A.L.J.'s decision became the

final decision of the Commissioner on September 6, 2007, when the Appeals

---

    [2]     It is unclear from the record when Novak filed his initial application for DIB. *See* Transcript of Administrative Record filed as part of the Commissioner's Answer pursuant to 42 U.S.C. § 405(g) ("Tr.") at 46.

    [3]     *See id*. at 64.

    [4]     *See id*. at 40, 43, 56.

    [5]     *See id*. at 20.

    [6]     *See id*. at 12.

    [7]     *Id*. at 12, 17.

Council denied Novak's request for review of the A.L.J.'s decision.[8]  This action followed.

**B.    Facts**

  Novak is a forty-six-year-old man.  He was born on January 10, 1962, and was forty-two-years-old at the onset of his allegedly disabling nerve damage.[9]  Prior to his alleged disability, Novak installed pipe and duct-work insulation.[10]  He has a high school education and has completed vocational training for insulation installation.[11]

  Since the onset of his alleged disability, Novak has had multiple Magnetic Resonance Imagings ("MRI") indicating "degenerative changes and bulging in the lumbar spine."[12]  Furthermore, several doctors have concluded that Novak suffers from a debilitating condition that affects his ability to sit, stand, and

---

[8] *See id*. at 4.

[9] *See id*. at 56.

[10] *See id*. at 65.

[11] *See id*. at 69.

[12] *Id*. at 14.

walk.[13]  Novak has also been prescribed a great deal of pain medication.[14]
However, the diagnostic tests in the record reveal only mild or minimal spinal
stenosis and do not show any actual disc herniation or nerve root compression.[15]
Physical examinations showed no significant gait abnormalities, persistent muscle
spasms, or deficits in motor, sensory, or reflex functions.[16]  Novak can walk
without assistance and does not regularly wear a back brace.[17]

The patient evaluations prepared by Novak's treating physician, Dr.
Panaro, are inconsistent, opining at different times that Novak is and is not entirely
disabled by his pain.[18]  For example, Dr. Panaro's October 7, 2005 and January 4,
2006 evaluations indicate that Novak's condition may have been improving with
physical therapy and exercise and that his pain was becoming manageable, while
his latest evaluation in June 2007 indicates a level of functional ability below that

---

[13]     *See id*. at 16, 196, 251-54, 264.

[14]     *See id*. at 215, 217, 223, 227, 249, 251, 262.

[15]     *See id*. at 142-80, 255-61.

[16]     *See id*. at 142-80, 201-61.

[17]     *See id*. at 201-49A.

[18]     *See id*. at 147, 168.

4

required for sedentary work.[19]  Novak testified that he continues to help with minor chores around his house, drives a car, takes his dog to the park, and manages his local Little League.[20]

## III.    LEGAL STANDARD

### A.    Substantial Evidence

When examining an A.L.J.'s decision in a disability benefits case, "'[i]t is not our function to determine *de novo* whether [plaintiff] is disabled.'"[21]  A district court must not disturb the Commissioner's final decision if "correct legal standards were applied" and "substantial evidence supports the decision."[22] "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[23]  "Where the Commissioner's decision rests on adequate findings

---

[19]    *See id.* at 16, 146-47, 251-54.

[20]    *See id.* at 277-82.

[21]    *Schaal v. Apfel,* 134 F.3d 496, 501 (2d Cir. 1998) (quoting *Pratts v. Chater,* 94 F.3d 34, 37 (2d Cir. 1996)).  *Accord Halloran v. Barnhart,* 362 F.3d 28, 31 (2d Cir. 2004).

[22]    *Butts v. Barnhart,* 388 F.3d 377, 384 (2d Cir. 2004)*.  Accord Halloran,* 362 F.3d at 31.

[23]    *Halloran,* 362 F.3d at 31 (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971)).  *Accord Veino v. Barnhart,* 312 F.3d 578, 586 (2d Cir. 2002).

5

supported by evidence having rational probative force, we will not substitute our judgment for that of the Commissioner."[24] "To determine whether the findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."[25] "[E]ven if there is also substantial evidence for the plaintiff's position," if substantial evidence exists to support the Commissioner's decision, the decision must be affirmed.[26] "'Reversal and entry of judgment for the claimant is appropriate only when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose.'"[27]

---

[24]    *Veino*, 312 F.3d at 586. *Accord Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

[25]    *Snell v. Apfel*, 177 F.3d 128, 132 (2d Cir. 1999).

[26]    *Morillo v. Apfel*, 150 F. Supp. 2d 540, 545 (S.D.N.Y. 2001). *Accord Alston v. Sullivan,* 904 F.2d 122, 126 (2d Cir. 1990); *DeChirico v. Callahan*, 134 F.3d 1177, 1182 (2d Cir. 1982). Moreover, the Commissioner's findings of fact, as well as the inferences and conclusions drawn from those findings, are conclusive even in cases where a reviewing court's independent analysis of the evidence might differ from the Commissioner's analysis. *See Rutherford*, 685 F.2d at 62.

[27]    *Pimentel v. Barnhart*, No. 04 Civ. 3769, 2006 WL 2013015, at *8 (S.D.N.Y. July 19, 2006) (quoting *Cruz ex rel. Vega v. Barnhart*, No. 04 Civ. 9794, 2005 WL 2010152, at *8 (S.D.N.Y. Aug. 23, 2005), *modified on other grounds on reconsideration,* 2006 WL 547681 (S.D.N.Y. Mar. 7, 2006)). *Accord Butts*, 388 F.3d at 386.

**B.    Treating Physician Rule**

The A.L.J. must give controlling weight to a treating physician's opinion concerning the nature and severity of a claimant's impairments when that opinion is "well-supported by medically acceptable clinical and diagnostic laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in record."[28]  When a treating physician's opinion is not given controlling weight, the A.L.J. must apply a number of factors in deciding how much weight to give such opinion. These factors include: 1) the frequency of the examination and the length, nature, and extent of the treatment relationship; 2) the opinion's consistency with the record as a whole; 3) whether medical signs and laboratory findings support the opinion; and 4) whether the opinion is from a specialist.[29]  Because the treating physician has a "unique perspective" that "cannot be obtained from the objective medical findings,"[30] the A.L.J. must "provide 'good reasons' for not crediting the opinion of a claimant's treating physician."[31]  Failure to provide good reasons for not following the opinion of a

---

[28]    20 C.F.R. § 404.1527(d)(2).

[29]    *See id.*

[30]    *Id.*

[31]    *Snell*, 177 F.3d at 133 (quoting *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998)).

treating physician is grounds for remand.[32]

## C.    Requirements for the A.L.J.'s Evaluation and Determination

In evaluating the severity of an impairment, an A.L.J. must consider a

claimant's subjective statements regarding symptoms such as pain.[33]  However, an

individual's subjective complaints do not alone establish disability.  Rather,

"medical signs or laboratory findings [must] show . . . medically determinable

impairment(s)" that could reasonably be expected to produce the symptoms

complained of.[34]  Furthermore, an A.L.J. "is not obliged to accept without question

the credibility of such subjective evidence."[35]  "The [A.L.J.] has discretion to

evaluate the credibility of a claimant and to arrive at an independent judgment, in

light of medical findings and other evidence" in the record.[36]  In doing so, the

A.L.J. must set forth his or her reasons for discounting the claimant's subjective

---

[32]    *See id.*

[33]    *See* 20 C.F.R. § 404.1529(a).  *See also Snell*, 177 F.3d at 135; *Mikol v. Barnhart*, 494 F. Supp. 2d 211, 224 (S.D.N.Y. 2007).

[34]    20 C.F.R. § 404.1529(b).

[35]    *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).  *Accord Miller v. Barnhart*, No. 02 Civ. 2777, 2003 WL 749374, at *7 (S.D.N.Y. Mar. 4, 2003).

[36]    *Marcus*, 615 F.2d at 27.  *Accord Miller*, 2003 WL 749374, at *7.

complaints[37] "'with sufficient specificity to enable [the reviewing court] to decide whether the determination is supported by substantial evidence.'"[38]

Additionally, "[i]t is the rule in our circuit that the [A.L.J.], unlike a judge in a trial, must . . . affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding, even if the claimant is represented by counsel."[39]  To do so, the A.L.J. must try "to fill any clear gaps in the administrative record."[40]  If the available "clinical records are inadequate, the [A.L.J.] has a duty to seek additional information."[41]

The SSA has promulgated a five-step procedure for evaluating disability claims,[42] which has been summarized as follows:

> First, the Secretary considers whether the claimant is currently engaged in substantial gainful activity. If [s]he is not, the Secretary next considers whether the claimant has

---

[37]     *See Snell*, 177 F.3d at 135.

[38]     *Toro v. Chater*, 937 F. Supp. 1083, 1086 (S.D.N.Y. 1996) (quoting *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1987)).

[39]     *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1999) (quotation marks and citations omitted). *Accord Leach ex rel. Murray v. Barnhart*, No. 02 Civ. 3561, 2004 WL 99935, at *7 (S.D.N.Y. Jan. 22, 2004).

[40]     *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999).

[41]     *Id.*

[42]     *See* 20 C.F.R. § 404.1520.

9

a "severe impairment" which significantly limits [her] physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Secretary will consider [her] disabled without considering vocational factors such as age, education, and work experience; the Secretary presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, [s]he has the residual functional capacity to perform [her] past work. Finally, if the claimant is unable to perform [her] past work, the Secretary then determines whether there is other work which the claimant could perform.[43]

## IV.    DISCUSSION

The parties agree that the A.L.J.'s determinations at steps one through four of Novak's disability assessment are correct. However, the parties dispute the A.L.J.'s resolution of the fifth step. Novak claims that the A.L.J.'s RFC assessment did not satisfy the function-by-function requirements of SSR 96-8p.[44] Novak further claims that the A.L.J.'s determination of his RFC was incorrect

---

[43]    *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). *Accord Butts*, 388 F.3d at 383; *Balsamo v. Chater*, 142 F.3d 75, 79-80 (2d Cir. 1998).

[44]    Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8p, 1996 WL 374184 (S.S.A. July 2, 1996).

because she improperly evaluated Novak's credibility, failed to properly develop

the factual record by not obtaining additional information to resolve discrepancies

in treating physician evaluations, and erred in not giving Novak's treating

physician's opinion controlling weight.

### A.    The A.L.J. Is Not Required to Perform a Function-By-Function Analysis

SSR 96-8p states that a function-by-function assessment of the

claimant's work-related abilities is essential to the proper determination of a

claimant's RFC.[45]  Because Novak received two RFC assessments, the only issue

is whether the A.L.J. must specifically discuss each function in her findings.[46]

Although the Second Circuit has not specifically addressed this

question, several courts that have held that the function-by-function requirement

of SSR 96-8p does not apply to the A.L.J.[47]  The A.L.J. must avoid perfunctory

---

[45]    *See* 20 C.F.R. § 404.1545. *See also* SSR 96-8p, 1996 WL 374184, at
*1; *Pabon v. Barnhart*, 273 F. Supp. 2d 506, 516 (S.D.N.Y. 2003).

[46]    *See* SSR 96-8p, 1996 WL 374184, at *1, 7; Tr. 181-92 (Novak
underwent physical residual functional capacity assessments on May 14, 2006 and
April 17, 2006, that included function-by-function evaluations and narratives of
the evidence supporting the findings).

[47]    *See Casino-Ortiz v. Astrue*, No. 06 Civ. 155, 2007 WL 2745704, at
*13 (S.D.N.Y. Sept. 21, 2007) ("'Although a function-by-function analysis is
desirable, SSR 96-8p does not require [A.L.J.]s to produce [ ] a detailed statement
in writing.'") (quoting *Burrows v. Barnhart*, No. 03 Civ. 342, 2007 WL 708627, at

11

determinations by considering all of the claimant's functional limitations, describing how the evidence supports her conclusions, and discussing the claimant's ability to maintain sustained work activity, but she need not provide a narrative discussion for each function.[48] In the instant case, the A.L.J. discussed all of the evidence in detail – including the results of MRIs, physician evaluations, and Novak's testimony regarding his regular level of activity – before concluding that "although heavy lifting, pushing and pulling are precluded . . . [Novak] remains able to lift, push and pull . . . ten pound objects . . . [and] there are no positive findings that indicate he is unable to sit, stand and walk throughout the workday."[49] The A.L.J.'s RFC determination requires no further detail.

## B.    Determination of Credibility

Because the A.L.J. cited a list of Novak's regular activities that contradict his claim of extreme pain,[50] as well as a lack of objective medical

---

*13 (D. Conn. Feb. 20, 2007) (quotation marks and citations omitted)).

[48]    *See id.* (quoting *Burrows*, 2007 WL 708627, at *13 (quotation marks and citations omitted)).

[49]    Tr. at 16.

[50]    The A.L.J. cites activities that Novak listed in his answers to a questionnaire in 2005 and other activities which he testified to during his hearing in 2007 (such as making small meals, driving, shopping and managing the Local Little League). *See id.* at 15-16.

12

evidence to support such a claim,[51] the A.L.J.'s determination that Novak's
testimony was not credible is supported by substantial evidence. Accordingly, the
A.L.J. made no error in her determination of Novak's credibility.

### C.   The A.L.J. Was Not Obligated to Develop the Record Further

In response to requests from both the A.L.J. and Novak's counsel,
Novak's treating physician submitted an evaluation in June 2007, which opined
that Novak's condition had deteriorated substantially as compared to prior
evaluations cited by the A.L.J.[52] The A.L.J. did not credit this latest evaluation
and made no effort to obtain further clarifying information from the treating
physician. While the Second Circuit has acknowledged that the A.L.J. has an
affirmative obligation to obtain further information from the treating physician
where deterioration of the claimant's condition is indicated in the most recent
evaluation, this obligation generally arises when the clinical findings in the record
are inadequate.[53] In this case, the A.L.J. had access to a plethora of physical

---

[51]    See id. 15-16 (the A.L.J. cited a lack of findings consistent with the
claimed condition as set forth in 20 C.F.R. § 404 app. 1).

[52]    The A.L.J. cites to Dr. Panaro's September 2005 opinion that Novak
"did not meet the medical parameters for disability." Tr. at 15.

[53]    See Clark v. Commissioner of Soc. Sec., 143 F.3d 115, 118 (2d Cir.
1998) (holding that the A.L.J. should have sought a medical explanation from the
claimant's treating physician before failing to credit the most recent evaluation

examinations from multiple doctors (the most recent of which were on March 12,

2007, March 26, 2007 and April 12, 2007) as well as numerous diagnostic reports.

Accordingly, the A.L.J. had no obligation to again contact Novak's treating

physician for further information.

### D.     The Treating Physician's Opinion Was Not Entitled to Controlling Weight

The A.L.J. considered all of the evaluations completed by Novak's

treating physician, but reached a different conclusion than the treating physician

regarding Novak's level of impairment.  In declining to give controlling weight to

the treating physician's opinion, the A.L.J. cited the lack of supporting objective

medical evidence – in particular the results of the MRIs – as well as Novak's

sustained level of activity and walking ability.[54]  Accordingly, the A.L.J. provided

"good reasons" for not giving the treating physician's opinion controlling

weight.[55]

---

due to a lack of support by clinical findings). *See also Rice v. Barnhart*, 127 Fed.
App'x 524, 525 (2d Cir. 2005) ("The [A.L.J.] may not reject the treating
physician's conclusions based solely on inconsistency or lack of clear findings
without first attempting to fill the gaps in the administrative record.").

[54]     *See* Tr. at 15-16.

[55]     *See* 20 C.F.R. § 404.1527(d)(2); *Snell*, 173 F.3d at 133-34.  Novak
also asserts that too much weight was given to the opinion of Dr. David T. Tucker,
a non-treating physician.  This argument is without merit, however, because the

14

**E.    The A.L.J.'s Finding that Novak Had the Ability to Perform Sedentary Work  Is Supported by Substantial Evidence**

Sedentary work "'generally involves up to two hours of standing or walking and six hours of sitting in an eight-hour work day,'"[56] as well as "'lifting no more that [ten] pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.'"[57] The A.L.J. carefully examined the record and found a lack of objective medical evidence to support Novak's claim that he cannot sit, stand, and walk for more than four hours in an eight-hour work day. She then cited Novak's sustained level of activity as support for her conclusion as to his ability to sit, stand, and walk throughout the day.  The A.L.J. also noted that the regular breaks and lunch period "indigenous to substantial gainful activity" will provide for any change in position or rest Novak's condition may require.[58]

A.L.J. stated that it was Novak's sustained level of activity and walking ability, in combination with the lack of objective evidence supporting the treating physician's opinion, that formed the foundation of her decision. *See* Tr. at 15-16. *See also Mikol v. Barnhart*, 494 F. Supp. 2d 211, 224 (S.D.N.Y. 2007) (holding that an A.L.J.'s discussion of opinions of other doctors, by itself, did not mean that the A.L.J. failed to give proper weight to the treating physician's opinion), *modified on other grounds on reconsideration*, 2008 WL 2115396 (S.D.N.Y. May 16, 2008).

[56]    *Curry v. Apfel*, 209 F.3d 117, 123 (2d. Cir. 2000) (quoting *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996)).

[57]    *Id*. (quoting 20 C.F.R. § 404.1567(a)).

[58]    *See* Tr. at 16.

15

Furthermore, there is no evidence in the record contradicting the A.L.J.'s finding,

and apparently no dispute, that Novak can frequently lift ten pounds.[59]

Accordingly, there is substantial evidence to support the A.L.J.'s finding that

Novak can perform the full range of sedentary work.

## VI.    CONCLUSION

For the reasons stated above, Novak's motion is denied and the

Commissioner's motion is granted.  The Clerk of the Court is directed to close

these motions [docket nos. 5 and 8] and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:        New York, New York
              July 24, 2008

---

[59]    Novak's treating physician stated that Novak can lift ten pounds
"frequently" in his most recent evaluation. *See id*. at 259.

16

## -Appearances-

**For Plaintiff:**

Lewis Insler, Esq.
Insler & Herman, LLP
80 Grasslands Road, Suite 102
Elmsford, New York 10523
(914) 286-3030

**For Defendants:**

Susan D. Baird
United States Attorney's Office
Civil Division
86 Chambers Street, Third Floor
New York, New York 10007
(212) 637-2713